# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| Diane Rinaldi Placidi | : | Bankruptcy No.: 5:07-bk-51657 RNO |
| | : | |
| Debtor | : | |

****************************************************************************

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, | : | |
| as Trustee for the Carrington Mortgage | : | |
| Loan Trust, Series 2005-NC3, Asset | : | |
| Backed Pass-Through Certificates, | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | Objection to Confirmation of the Chapter |
| | : | 13 Plan |
| Diane Rinaldi Placidi, | : | |
| | : | |
| Respondent | : | |

## OPINION[1]

    Deutsche Bank, an oversecured creditor holding the first mortgage on the Debtor's primary residence, ("Mortgagee") has objected to confirmation of the Debtor's Chapter 13 Plan. First, the Mortgagee argues the plan impermissibly includes a cure of post-petition arrears, and second, it asserts the plan impermissibly requires an application under Federal Rule of Bankruptcy Procedure 2016 before it may assess post-petition defaults. For the reasons stated herein, the Mortgagee's first objection is overruled, the second objection is sustained. The Debtor will have thirty days to file any amended plan.

---

[1]This Opinion was drafted with the assistance of law clerk, Kathryn F. Evans, Esquire.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

**Facts**

The facts in this case are undisputed. The Debtor's proposed Chapter 13 Plan was filed on July 5, 2007, the same day the case was filed. On November 13, 2007, the Debtor filed a First Amended Plan, Docket Number 21 ("Plan"). The Plan provided for the cure of delinquent post-petition arrears, including the not yet then due December 2007 post-petition payment. The Plan proposed to commence post-petition mortgage payments in January 2008.

The Plan also included the following provision which limited the Mortgagee's ability to recover certain fees and costs assessed post-petition:

> The *Arrears*[2] shall also include any postpetition arrearage amounts consisting of the following items, but <u>only to the extent these amounts are reasonable and have been actually incurred</u>, are authorized by the note and security agreement and applicable nonbankruptcy law, <u>and have been approved by court order or agreement between the creditor (or its servicer), the Debtors and the Trustee</u>:
>     a. any delinquent postpetition installment payments due;
>     b. any unpaid postpetition late fees;
>     c. any unpaid reasonable postpetition attorneys fees, to the extent not being recovered in paragraph 4 i.e above; and
>     d. any unpaid postpetition escrow shortage or deficiency, as defined under RESPA, to the extent not being recovered as part of the unpaid

---

[2]"Arrears" is defined elsewhere in the plan to mean all pre-petition arrears and all post-petition arrears incurred between the petition date and December 31, 2007. *See* Plan Part IV, ¶ 4(iii).

-2-

      postpetition installment payments provided in
      paragraph 4.ii.a above.
    Plan Part IV, ¶ 4(ii) (emphasis added).

The Mortgagee's primary objection to the emphasized language in this provision is the requirement that any post-petition arrears/fees be approved by Court Order or be subject to agreement prior to assessment. The Debtor's brief suggests the intention of the above language is to require the creditor to file a fee application pursuant to Federal Rule of Bankruptcy Procedure 2016 before it would be entitled to collect the post-petition fees.

  The Plan further limits the Mortgagee's rights to collect post-petition fees and costs in Part IV, ¶4(vi):

> vi. No other fees, costs or amounts incurred by the creditor or its servicer during this chapter 13 case and asserted to be due on the Debtors' mortgage account may be collected or charged to the Debtors during the case or after entry of discharge except as permitted by this plan, and no payments received by the creditor or its servicer from the Debtors or the Trustee shall be applied and credited except as directed and required by this plan. No fees, costs, or other amounts paid post-petition by the creditor or its servicer towards a Class 3 claim may ever be collected or charged to the Debtors or their mortgage account. Prior to completion of payments under this plan, the creditor or its servicer may seek a determination concerning the sufficiency of payments received under the plan. Unless the Court orders otherwise, pursuant to an appropriate motion or pleading, an order granting a discharge in this case shall be a determination that all prepetition and postpetition defaults with respect to the Debtor's mortgage have been cured within the meaning of § 1322(b)(5), and that the Debtors' mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

The Mortgagee objects to the above language.

-3-

Case 5:07-bk-51657-RNO Doc 36 Filed 02/21/08 Entered 02/21/08 11:59:56 Desc
Main Document Page 3 of 7

**Including Post-Petition Arrears in a Chapter 13 Plan**

At the December 18, 2007 confirmation hearing, the Mortgagee objected to the inclusion of post-petition arrears in a plan pre-confirmation. The Court asked the parties to brief the applicability of the Eleventh Circuit case *In re Hoggle*, 12 F.3d 1008 (11th Cir. 1994). *Hoggle* addressed the issue on a challenge to a post-confirmation modification under 11 U.S.C. § 1329[3]; holding that the plain language of the statute, overall policy of chapter 13, and specific legislative history relating to §§ 1322(b)(5) and 1329 permitted the curing of post-petition arrears through a chapter 13 repayment plan. *Hoggle,* 12 F.3d at 1009-11. The Eleventh Circuit examined the legislative history of chapter 13 and reasoned:

> The flexibility permitted in the formulation of Chapter 13 plans represents a central element in the implementation of the Congressional goal to encourage expanded use of Chapter 13. A main area of expansion was the Code's recognition of the desire of homeowners to save their homes through Chapter 13. . . . Section 1322(b)(5) was intended to codify the practice under which foreclosure was enjoined during the pendency of a Chapter XIII, with the debtor given a reasonable time to cure defaults. Accordingly, permitting cure of postconfirmation defaults best accords with Congressional intent to permit homeowners to utilize its flexible provisions for debt relief without sacrificing their homes. *Id.* at 1010 (internal citations omitted).

The Mortgagee attempts to distinguish the instant case from *Hoggle*, arguing the burden on the Debtor for a post-confirmation modification under § 1329 is lower than the pre-confirmation burden under §§ 1322 and 1325. The Court is unconvinced by this argument. The language of § 1329(b) not only requires the Debtor to prove the propriety of the modification but, in addition, specifically requires any modification to comply with the standards as set forth in §§ 1322(a),

---

[3]Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

-4-

1322(b), 1322(c) and 1325(a).  11 U.S.C. § 1329(b).  These subsections are, in fact, all pre-confirmation standards.  As such, the Debtor's inclusion of post-petition arrears in the Plan is permissible.

**Requirement of Federal Rule of Bankruptcy Procedure 2016 Application Prior to Collection of Post-Petition Fees**

The Mortgagee's second major objection to confirmation centers on the Plan's requirement of either Court approval or agreement by the Debtor and the Chapter 13 Trustee before the Mortgagee would be permitted to pursue delinquent post-petition installments, unpaid post-petition late fees, unpaid reasonable post-petition attorney's fees and unpaid escrow shortages.  Essentially, the Plan provision in question requires the creditor to either get consent of the Debtor and the trustee or, in the alternative, to file an application for fees pursuant to Federal Rule of Bankruptcy Procedure 2016.  The Debtor asserts the reason for the requirement was to ensure the Debtor did not emerge from bankruptcy only to find herself again in default of the terms of the mortgage due to the assessment of  previously undisclosed fees.  The Court appreciates the intentions underlying this provision, however, I find the language unduly limits the Mortgagee from utilizing other permissible mechanisms to recover such post-petition fees.

The issue of whether a secured creditor's claim for attorney's fees requires a fee application under Federal Rule of Bankruptcy Procedure 2016 was addressed by the Bankruptcy Appellate Panel of the Ninth Circuit in *In re Atwood*, 293 B.R. 227 (9th Cir. B.A.P. 2003).  The court found that a fee application is not necessarily required.  The court in *Atwood* outlined some of the complexities that would arise if a Federal Rule of Bankruptcy Procedure 2016 application were required prior to secured creditors recovering amounts incurred post-petition:

> . . . first, the requirement of a Rule 2016 motion would not necessarily provide a comprehensive answer, because § 506(b) also covers "reasonable fees, costs, and charges" other than professional compensation, arguably outside the scope of Rule 2016; second, Rule 2016 does not clearly encompass other instances in which such charges may surface, including motions for relief from stay and, as here, where the dispute underlying this appeal is the amount necessary to cure the default on the Chase Manhattan debt. Nor does the Rule 2016 procedure address other issues that could be involved in the determination of cure amounts in accordance with "the underlying agreement and applicable nonbankruptcy law." *Atwood*, 293 B.R. at 230 *citing* 11 U.S.C. § 1322(e).

This Court shares the concerns of the *Atwood* court about requiring secured creditors to file Federal Rule of Bankruptcy Procedure 2016 applications.[4]

Middle District of Pennsylvania Local Bankruptcy Rule 2016-1 sets forth specific requirements for professional fee applications. Bankr. M.D.Pa. R. 2016-1. Nowhere does the Local Rule require fee applications to be filed by secured creditors.

The court in *Atwood* discussed the several procedural vehicles which could potentially be employed by a secured creditor to recover its post-petition fees and charges. *Atwood,* 293 B.R. at 232. One option is to file a Federal Rule of Bankruptcy Procedure 2016 application. Another

---

[4]The relevant portion of Federal Rule of Bankruptcy Procedure 2016 reads:
(a) Application for compensation or reimbursement
An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. Unless the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

-6-

option is to file an amended proof of claim seeking the post-petition arrears. A third option is to include the fees in a relief from stay request by an oversecured creditor. Thus, I find the Plan impermissibly limits the procedural mechanisms available to the Mortgagee. This objection by the Mortgagee is, therefore, sustained.

The principle of judicial restraint dictates that if resolution of an issue effectively disposes of a case, the court should resolve the case on that basis without reaching any other issues that might be presented. *Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989); *also see Karsten v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994). The Mortgagee's second objection has been sustained. Therefore, the Court will not address the question of whether the Plan impermissibly prohibited the Mortgagee from advancing real estate taxes due on the mortgaged property.

**Conclusion**

An Order will be entered consistent with this Opinion overruling the objection to the curing of the post-petition arrearages in the Plan, sustaining the objection to the provision requiring a Federal Rule of Bankruptcy Procedure 2016 fee application and allowing the Debtor thirty days to file any amended plan.

Date: February 21, 2008

_____
Robert N. Opel, II, Bankruptcy Judge
*This opinion is electronically signed and filed on the same date.* (BI)